United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60617
Summary Calendar

_____

LOUISIANA DOCK COMPANY, INC.,

        Petitioner,

versus

CLIFTON A. PERTUIT; NATIONAL MAINTENANCE AND REPAIR
OF LOUISIANA; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

        Respondents.

_____

Petition for Review of an Order of the
Benefits Review Board
BRB No. 02-0639

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Louisiana Dock petitions for review of a ruling by
the Benefits Review Board ("BRB") on a claim filed under the
Longshore and Harbor Workers' Compensation Act.[1] The BRB affirmed
the decision of an Administrative Law Judge (ALJ) that Louisiana
Dock was liable for the compensation benefits and medical expenses

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]33 U.S.C. § 901 et seq.

of one of its former employees, Clifton A. Pertuit.  Louisiana Dock contends that the ALJ's decision is not supported by substantial evidence and that the ALJ erred in finding Louisiana Dock to be Pertuit's last responsible employer.  We disagree and AFFIRM.

I

The case revolves around the claims of Clifton A. Pertuit, a crane operator, outside machinist, and propeller repairman who began working for Louisiana Dock in 1977.  In 1989, he injured his back while lifting a propeller cone to center a wheel.  He underwent surgery to repair a herniated disc and returned to work in 1990 with medical restrictions that limited the work he could perform.  Nonetheless, he occasionally experienced problems with his back, and he was under the care of Dr. Gregg Bendrick.  The record indicates, moreover, that beginning in January 2000, his condition began to worsen.

On May 15, 2000, Louisiana Dock sold its facility to Respondent National Maintenance and Repair.  Pertuit remained with the shipyard as an employee of National Maintenance, with similar duties and work assignments.  Just under two months after the sale, Pertuit obtained a letter from Dr. Bendrick stating that Pertuit was unfit for work because of his deteriorating back.  Shortly thereafter, Pertuit filed a claim for compensation.  Louisiana Dock and National Maintenance each contended that the other was responsible.  Pertuit brought an action against both parties.  The ALJ found that Pertuit's disabling back condition had resulted from

2

the natural progression of the injury he suffered in 1989 and concluded that Pertuit's work at National Maintenance had not aggravated his condition. Accordingly, the ALJ concluded that Louisiana Dock was responsible for his compensation and medical benefits. On appeal, the Benefits Review Board affirmed the ALJ's decision.

## II

The scope of our review of BRB decisions is narrow. "We review a decision of the Benefit Review Board under the same standard as it reviews the decision of the ALJ: Whether the decision is supported by substantial evidence and is in accordance with the law."[2] We "may not substitute our judgment for that of the ALJ, nor reweigh or reappraise the evidence, but may only determine whether evidence exists to support the ALJ's findings."[3] Moreover, "the ALJ's decision need not constitute the sole inference that can be drawn from the facts."[4]

---

[2]*Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir. 1991) (quoting *Odom Constr. Co. v. United States Dept. of Labor*, 622 F.2d 110, 115 (5th Cir. 1980), *cert. denied*, 450 U.S. 966 (1981)).

[3]*New Thoughts Finishing Co. v. Chilton*, 118 F.3d 1028, 1030-31 (5th Cir. 1997).

[4]*Avondale Industries v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 977 F.2d 186, 189 (5th Cir. 1992).

III

Louisiana Dock's primary contention is that the ALJ's finding that Pertuit's condition is the natural progression of his 1989 injury is not supported by substantial evidence. After reviewing the ALJ's opinion and the evidence upon which it is based, we cannot agree. The ALJ carefully reviewed the testimony of Pertuit and his treating physician, Dr. Bendrick, as well as the testimony offered by Dr. Appelbaum, a physician who examined Pertuit in 2001. In particular, Pertuit testified that he did not aggravate his back condition during the course of his employment with National Maintenance and that he suffered no new accident there. He also indicated that the discomfort his back injury caused him did not increase during his time with National Maintenance. Dr. Bendrick indicated that Pertuit's back condition deteriorated significantly in March 2000 and posited that his disability was the result of the natural progression of his original back injury. Dr. Appelbaum testified that Pertuit denied suffering any additional trauma or accident during his work with National Maintenance. Given this record, the ALJ's conclusion that Pertuit's disability resulted from the natural progression of his original back injury is supported by substantial evidence.

We recognize, as did the ALJ and the BRB, that there is evidence in the record that could support Louisiana Dock's claim that Pertuit aggravated his injury while working at National Maintenance. The ALJ specifically considered this evidence,

4

evaluated the testimony and medical opinions, assessed the credibility of the testifying witnesses, and concluded that Pertuit did not aggravate his injury at National Maintenance. As noted, we "may not substitute our judgment for that of the ALJ, nor reweigh or reappraise the evidence, but may only determine whether evidence exists to support the ALJ's findings."[5] The ALJ's findings are not irrational and are supported by substantial evidence.

Louisiana Dock next argues that the ALJ made an error of law by finding Louisiana Dock to be the last responsible employer after concluding that Pertuit aggravated his condition at National Maintenance. Louisiana Dock's argument is unpersuasive for the simple reason that the ALJ did not find that Pertuit's back condition was aggravated during his employment with National Maintenance. As noted, there was evidence presented that could have supported such a finding, but the ALJ rejected this evidence and concluded that Pertuit did not aggravate his injury, suffer a new incident, or sustain a new injury while working for National Maintenance.

IV

Because there was sufficient evidence supporting the ALJ's finding, we AFFIRM the judgment of the Benefits Review Board.

AFFIRMED.

---

[5]*New Thoughts Finishing Co.*, 118 F.3d at 1030-31.

5